FILED
2005 Aug-31  PM 04:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **MICHAEL CHAPMAN,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    **Civil Action No.: 4:05-cv-1690-RDP** |
| | ) |
| **EMC PROPERTY & CASUALTY CO.,** | ) |
| **et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

**MEMORANDUM OPINION**

The court has before it Plaintiff's Motion to Remand (Doc. #3), which has been fully briefed by the parties. For the reasons outlined below, the court finds that the motion is due to be granted, and this case is due to be remanded back to the Circuit Court of Etowah County, Alabama.

**I.      Facts and Procedural History**

Plaintiff was injured in a work accident that involved a hit-and-run driver, and on August 13, 2004, he brought suit in Etowah County Circuit Court against Defendants "Gadsden Lawn & Landscape, Inc.; Red Leach & Sons; also know as . . . EMC Property & Casualty Company. . . ." seeking to recover damages through workers' compensation and uninsured motorist insurance coverage maintained by his employer. (Doc. #1).

On September 22, 2004, the Etowah County Circuit Court dismissed Plaintiff's employer, Defendant Gadsden Lawn & Landscape, and EMC removed this action to this court, *for the first time*, on the basis of diversity jurisdiction. (Doc. #1). The removed case was randomly assigned to the undersigned and given the case number CV 04-P-3075-M. On November 12, 2004, Plaintiff

filed a Motion for Court Order Remanding Case to State Court, which the court granted. (CV 04-P-3075-M, Docs. #6, 11, 12).[1] The case was remanded to state court. On August 8, 2005, the state court granted summary judgment in favor of Red Leach, the sole remaining non-diverse defendant, dismissing Red Leach from the case.

On August 9, 2005, EMC removed this action to this court, *for the second time*, on the basis of diversity jurisdiction, and ironically, the case again was randomly assigned to the undersigned. (Doc. #1). EMC claims that diversity was created by the August 8, 2005 state court summary judgment dismissal of Red Leach. (Doc. #1). Plaintiff maintains that this case is due to be remanded because the dismissal of Red Leach was an involuntary state court ruling on the merits, and therefore removal was improper. (Docs. #3, 6).

**II.  Discussion**

When removal is premised upon diversity jurisdiction, the court must find that: the parties are completely diverse; that the amount in controversy exceeds $75,000.00, exclusive of interest and costs; and that no other impediments to removal exist. *See* 28 U.S.C. § 1332; *see also Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). The burden of establishing subject matter jurisdiction for the purposes of removal is on Defendant. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

---

[1] Plaintiff challenged EMC's removal based upon the fact that Red Leach & Sons Insurance ("Red Leach"), a citizen of Alabama, was named as a Defendant. (CV 04-P-3075-M, Doc. #6). EMC alleged that removal was appropriate because, as the issuer of the policy in question, it was the only appropriate entity to sue for uninsured motorist benefits. (CV 04-P-3075-M, Doc. #2). The court remanded because it found that, notwithstanding EMC's arguments, there was no question that Red Leach and EMC were separate entities, and that the presence of Red Leach, a non-diverse served defendant, destroyed diversity jurisdiction. (CV 04-P-3075-M, Doc. #11).

Title 28 U.S.C. § 1446(b) allows a defendant to remove an action on diversity grounds within one year of the initial filing of the state court complaint, so long that the defendant does so within thirty (30) days of receipt of "A copy of an . . . order . . . from which it may first be ascertained that the case is one which is or has become removable . . . ." 28 U.S.C. § 1446(b). "[I]t has long been established that a change in parties which destroys diversity will render a complaint removable under § 1446(b) only when the change is made by a *voluntary* act by the plaintiff, such as the filing of an amended complaint." *Meritt v. Mazda Motor of America, Inc.,* 103 F.Supp. 2d 1035, 1039 (M.D. Ala. 2000). Thus, the determination of whether a non-removable complaint subsequently becomes removable "depends not upon what the defendant may allege or prove, or what the court may, after a hearing upon the merits, *in invitum*, order, but solely upon the form which the plaintiff by his voluntary actions shall give to the pleadings in the case as it progresses towards a conclusion." *Insinga v. Labella*, 845 F.2d 249, 254 (11th Cir. 1988) (quoting *Great No. Ry. Co. v. Alexander*, 246 U.S. 276, 281-82 (1918)) (emphasis added). A state court ruling on the merits, adverse to the plaintiff, which dismisses the sole remaining non-diverse defendant is an involuntary dismissal and will not support removal jurisdiction under §§ 1332 and 1446(b). *Insinga*, 845 F.2d at 254 (citing *Whitcomb v. Smithson*, 175 U.S. 635, 637 (1900)).[2]

EMC argues that removal was appropriate because the state court's grant of summary judgment was "effectively voluntary by plaintiff" in that "plaintiff never intended to, and could not

---

[2] Although the Eleventh Circuit has recognized an exception to the general rule for situations in which there is no state court ruling *on the merits* causing the dismissal of the non-diverse defendant (i.e., where the non-diverse defendant was dismissed on procedural grounds), *Insinga*, 845 F.2d at 254, that exception does not apply here given that it is undisputed that the Etowah Circuit Court's summary judgment ruling was one on the merits.

have pursued claims against Red Leach and did not oppose its Motion for Summary Judgment." (Doc. #5, at 2, 4). Contrary to EMC's argument, the clear rule of *Insinga* is that a state court's order dismissing a case on the merits is not a voluntary act of plaintiff. EMC essentially asks this court to carve out an exception to the general rule for cases in which, despite a state court ruling on the merits adverse to Plaintiff, other circumstances indicate that Plaintiff acquiesced to the ruling. The court finds no support for this exception, and, on the basis of the Eleventh Circuit's holding in *Insignia*, rejects EMC's argument that the state court summary judgment order was a voluntary dismissal. Accordingly the court finds that it is without jurisdiction – once again – to hear Plaintiff's claims in this lawsuit.[3]

## III. Conclusion

Based upon the foregoing analysis, Plaintiff's motion to remand is due to be granted. The

---

[3] Moreover, even if the court were to adopt EMC's exception and examine the circumstances of the case to determine if the dismissal was voluntary, the evidence before the court indicates that Plaintiff did not acquiesce to the ruling and intended to prosecute his claims against Red Leach: (1) Red Leach was sued in the state court action on August 13, 2004 and was served with the summons and complaint in the state court action (Doc. #6, Exs. A, B); (2) Plaintiff served discovery on Red Leach and Red Leach filed a Motion for Protective Order regarding the discovery on October 6, 2004 which Plaintiff opposed (Doc. #6, Exs. C, E); (3) Red Leach filed a Motion for Summary Judgment and Plaintiff asked the Circuit Court to delay setting a hearing on the motion until the outstanding discovery was completed (Doc. #6, Ex. E). Although EMC contends that Plaintiff did not respond to the summary judgment, Plaintiff disagrees. Plaintiff maintains that "[a]t no time did [he] do anything to voluntarily dismiss, consent, or acquiesce to the entry of the Motion for Summary Judgment by the trial court." (Doc. #6, at ¶ 12). Plaintiff asked the state court to reschedule the summary judgment hearing to a later date due to counsel's inability to attend the hearing. (Doc. #6, Ex. J). EMC countered by sending a letter to the state court noting that Plaintiff "responded to the Motion [for summary judgment] on October 14, 2004" and requesting that the hearing not be continued from its scheduled date. (Doc. #6, Ex. K). The state court subsequently entered a summary judgment order granting Red Leach's motion, finding "that there is no genuine issue of material fact and that the defendant is entitled to judgment as a matter of law," and dismissing Red Leach from the case. (Doc. #6, Ex. L). Whether Plaintiff intended to respond to the summary judgment motion is of no consequence, however, because even without considering that dispute, the balance of the evidence suggests that Plaintiff did, in fact, prosecute his claims against Red Leach.

court will enter an appropriate order remanding this case to the Circuit Court of Etowah County, Alabama.

      **DONE** and **ORDERED** this    31st    day of August, 2005.

                                                   **R. DAVID PROCTOR**
                                                   UNITED STATES DISTRICT JUDGE